Filed 3/16/22  P. v. Salone CA4/2
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076373 |
| v. | (Super.Ct.No. RIF1202138) |
| HAKIM RASHAD SALONE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Natasha Cortina, Assistant Attorneys General, and Eric A. Swenson and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2012, Hakim Rashad Salone pled guilty to attempted second degree robbery and second degree robbery and was sentenced to 24 years in prison. In 2020, the California Department of Corrections and Rehabilitation (CDCR) recommended recalling and reducing his sentence based on his exemplary behavior while in prison. (Pen. Code, § 1170, subd. (d).) The trial judge declined the CDCR's recommendation. Originally, Salone argued this was an abuse of discretion, and we disagreed, affirming the decision not to recall his sentence.

After our initial opinion, Salone requested rehearing on the basis he was entitled to the ameliorative effects of then newly passed, now enacted, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540) and Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483). Salone argues we must remand to the trial court for a new hearing allowing the judge to reconsider whether to recall and resentence him under these new laws. The People concede he is entitled to the ameliorative benefits of the laws but contend that because Salone pled to a stipulated term, the prosecution must be given the opportunity to either consent to any new sentence or withdraw from the plea. We conclude Salone is entitled to resentencing under Senate Bill 483, and remand with instructions to recall and resentence Salone without permitting the prosecution to withdraw from their plea agreement.

# I

# FACTS

On April 13, 2012, Salone and a codefendant entered a jewelry store armed with handguns. One of the employees was able to trip the silent alarm, and another eventually wrestled control of a handgun from Salone. Police arrived while the robbery was in progress, and after 40 minutes Salone exited the store where police arrested him.

The Riverside County District Attorney charged Salone with kidnapping (Pen. Code, § 209, unlabeled statutory citations refer to this code), two counts of attempted robbery (§§ 664/211), and possession of a firearm by a felon (§ 29800) in connection with the attempted robbery. In addition, they charged him with one count of robbery for an incident which occurred on March 15, 2012. The complaint also alleged Salone personally used a gun in committing each crime (§ 12022.53, subd. (b)) and had one prior serious felony conviction (§ 667, subd. (a)(1)) which was also a prior strike conviction (§§ 667, subds. (c) & (e)(1); 1170.12, subd. (c)(1)) and two prior prison convictions (§ 667.5, subd. (b)).

Salone pled guilty to attempted second degree robbery and second degree robbery, and admitted the enhancements for firearm use, prior strike, prior serious felony, and one prison prior. Following the terms of the plea agreement, the trial court sentenced him to 24 years in prison, composed of three years for the attempted robbery (doubled to six due to the prior strike), 10 years for the firearm enhancement, two years for the robbery

conviction (one third the midterm of three years, doubled), five years for the prior serious felony enhancement, and one year for the prison prior enhancement.

In February 2020, the Secretary of the CDCR sent the trial judge a letter recommending he recall Salone's sentence in accordance with section 1170, subdivision (d). The prosecution opposed the recommendation, arguing Salone's crime was extremely serious and premeditated, he didn't show progress addressing the underlying issues which led to the offense, and he received the benefit of his bargained for sentence.

The trial judge held a hearing on the recommendation on December 10, 2020, and declined to recall the sentence. Salone timely appealed.

On October 8, 2021, while Salone's appeal was pending, the governor signed Assembly Bill 1540 and Senate Bill 483. On October 22, we filed our opinion finding against Salone. On November 4, Salone filed a petition for rehearing, which we granted. Assembly Bill 1540 and Senate Bill 483 went into effect on January 1, 2022.

II

ANALYSIS

On rehearing, the People and Salone agree he is entitled to remand to allow a trial judge to consider resentencing him under two new laws, one of which changed the process for considering the CDCR's recommendation for resentencing and one of which invalidated Salone's prior prison enhancement and requires resentencing. We conclude

4

resentencing under the latter obviates the need for reconsideration under the former, and remand to allow the court to conduct that resentencing.

### A. Senate Bill 483 and Assembly Bill 1540

Assembly Bill 1540 moved the recall and resentencing provisions formerly under section 1170, subdivision (d)(1), to new section 1170.03 and amended its requirements. (Stats. 2021, ch. 719.) The new provision directs that "[i]f a resentencing request . . . is from the Secretary of the Department of Corrections and Rehabilitation," then "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety." (§ 1170.03, subd. (b)(2).) Salone argues he is entitled to a new hearing where the judge applies this presumption in his favor.

Meanwhile, Senate Bill 483 added section 1171.1 to the penal code. This section says "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1171.1, subd. (a).) Once a trial judge is made aware of a sentence which includes such an enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1171.1, subd. (c).)[1]

---

[1] Section 1171.1 requires the CDCR to identify people in custody who are serving a sentence that includes a now invalid enhancement and to notify the sentencing courts of their names, dates of birth, and case or docket numbers by March 1 or July 1, 2022 (depending on their sentencing details), and requires the courts to act on the information by October 1, 2022, or December 31, 2023. (§ 1171.1, subd. (b).) We conclude this provision is no obstacle to Salone obtaining relief. The original letter from CDCR recommending Salone be resentenced contained all the required information.

Once a trial judge initiates recall and resentencing, he must appoint counsel. (§ 1171.1, subd. (d)(5)). Any resentencing "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§1171.1, subd. (d)(1).) In addition to striking the now invalid prior prison enhancement, the judge is also required to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion." (§1171.1, subd. (d)(2).) The judge is also prohibited from imposing any upper term for any conviction "unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1171.1, subd. (d)(4).) Finally, Senate Bill 483 says it was the Legislature's intention that "any changes to a sentence as a result of [Senate Bill 483] shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.)

Because Salone's sentence is not yet final, he is entitled to the changes to recall and resentencing enacted by Senate Bill 483 and Assembly Bill 1540. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 972.) The People concede as much, and there is no dispute Salone's sentence includes two prior prison enhancements, which are now invalid under section 1171.1 Therefore, he is entitled to have the trial judge recall his sentence and resentence him under the limitations section 1171.1 imposes. Regardless of how the trial

judge exercises their resentencing discretion, the prosecution is prohibited from withdrawing from their plea agreement on the basis of this resentencing.

In addition, the trial judge must give Salone the benefit of any other ameliorative changes in the law since his original sentencing when resentencing him. For instance, when Salone was originally sentenced, the trial judge was required to impose a five-year prior serious felony enhancement under section 667, subdivision (a), and a firearm use enhancement under section 12022.53, subdivision (b). Now both are discretionary. (*People v. Alexander* (2020) 45 Cal.App.5th 341, 344; *People v. Watts* (2018) 22 Cal.App.5th 102, 119.) Therefore, on resentencing, the trial judge should consider whether to reimpose the prior serious felony and firearm use enhancements in addition to applying any other ameliorative changes to the law which might benefit Salone.

Because Salone is entitled to resentencing under section 1171.1, we need not address whether he is also entitled to have the trial judge hold a hearing to consider whether to resentence him under section 1170.03. Regardless of whether the judge should reconsider whether to resentence Salone under 1170.03, the judge is required to resentence him under section 1171.1. Once the trial judge recalls Salone's sentence, his request for a hearing and resentencing under section 1170.03 are moot.

Section 1170.03 requires the judge consider certain preconviction factors, including whether the defendant experienced "childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, if the defendant was a victim of intimate partner violence or human trafficking prior to or at the time of the

commission of the offense, or if the defendant is a youth or was a youth . . . at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense." (§ 1170.03, subd. (a)(4).)

Section 1171.1 does not require a judge consider those factors. However, when a judge recalls a sentence, the judge resentences the defendant as if they had not previously been sentenced. Thus, the trial judge here may consider any factors it could have considered when originally sentencing Salone, in addition to relevant postconviction factors. Accordingly, Salone and his appointed attorney may bring to the trial judge's attention any of 1170.03's preconviction factors during resentencing to the same extent as they would raise any other mitigating circumstances.

III

DISPOSITION

We reverse the trial court's decision declining to recall Salone's sentence. We remand with instructions to recall Salone's sentence and resentence him according to the terms of section 1171.1.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:

McKINSTER _____
Acting P. J.

MENETREZ _____
J.

8